**Nancy Tang of Counsel**
**To the Law Office of Jonathan Rosenberg**
137 Court St
Brooklyn, NY 11201
Tel.: 917-589-6868
Email.:nyc.nancytang@gmail.com

July 5, 2023

HONORABLE GARY R. BROWN
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Rickey Lynch
                Criminal Docket No. 21-405 (S-1) (GRB)
                Motion for Reconsideration as to Letter Evidence & RRP Rule

Dear Judge Brown:

      We respectfully request reconsideration regarding the admissibility of the letter of evidence sent to the defendant by the EPA, as well as the admission of the RRP Rule.

      While it is true that the letter was sent to the defendant after the completion of the relevant work, it is important to note that the legislation in question had already been in effect prior to the emergence of any allegations. The letter serves as an official statement from the agency, aimed at clarifying the law and should therefore be admissible for the purpose of clarification. Additionally, we contend that both the RRP Rule and the aforementioned letter should be admitted as evidence, as they are relevant to determining the defendant's state of mind. It is crucial to recognize that the defendant relied on the law as it was explicitly articulated.

      Furthermore, the EPA's letter clarification, addressed to lead abatement workers and firms, highlights the permissibility of conducting abatements based on interim controls and minor repairs under specific conditions. In light of this clarification, we respectfully request the court's consideration of the following arguments:

      The EPA issued a letter addressed to lead abatement workers, clearly explaining that abatements based on interim controls and minor repairs could be performed if certain requirements are met. This letter, previously submitted as Exhibit A in our Defendant's motion in limine, serves as an authoritative interpretation of the EPA's regulations and provides valuable industry guidance.

The statutes concerning abatement, interim controls, and minor repairs were already established prior to the alleged offense. Therefore, the defendant had the ability to rely on the law as explicitly stated, which is a crucial factor in assessing knowledge and intent in this case. It is noteworthy that the defendant complied with the law as outlined in the existing statutes, which were considered convoluted enough by the EPA to necessitate the issuance of a clarifying letter. Consequently, both the legislation itself and the EPA's letter elucidating its application should be considered admissible evidence.

The activities attributed to Mr. Lynch in the present case fall within the purview of the Minor Repair Act, as each job involved the disturbance of only 6 square feet or less. Even if the government were to argue that these activities do not meet the criteria of the Minor Repair Act, Mr. Lynch's reliance on the law as written should still be taken into account, as it directly reflects his state of mind at the time.

This line of argument aligns with Federal Rule of Evidence 404(b)(2), which permits the admission of evidence to establish factors such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The evidence of Mr. Lynch's reliance on the law as written, subsequently clarified by the EPA's letter, is not only relevant but also crucial. It sheds light on his actions and beliefs at the time, providing insight into his intentions. Considering these factors, the evidence in question should be deemed admissible.

Due to the aforementioned reasons, we respectfully request that the defendant be allowed to present a defense at trial based on the Renovation, Repair, and Painting Rule and that the EPA letter be admitted.

Respectfully Submitted,

<u>s/Nancy Tang</u>
NANCY TANG of counsel to the
Law Office of Jonathan Rosenberg
137 Court St. 2nd Fl
Brooklyn, NY 11201
Attorneys for Defendant
Rickey Lynch
Tel.: 917-589-6868
Email:nyc.nancytang@gmail.com