FILED
CLERK
4:24 pm, Sep 20, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                          **MEMORANDUM OF DECISION AND ORDER**

-against-

                          Criminal Action No.
                          21-CR-405 (GRB)

RICKEY LYNCH,

                Defendant.
----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

       In this prosecution charging various offenses in connection with environmental remediation work, Samantha Chorny, Esq., of the "SMC Law Firm" and a former associate of one of the firms representing defendant, and who has been a member of the bar of this Court for a matter of months, has filed a notice purporting to substitute as counsel for the former firm with which she was associated as well as Mr. Lynch's trial counsel. Because Ms. Chorny has failed to comply with the rules governing substitution of counsel, that notice of substitution and subsequent motions[1] filed Ms. Chorny are deemed withdrawn without prejudice to refiling once the question of representation has been resolved.

       On the day this matter was unsealed in August 2021, Jonathan Rosenberg filed a notice

---

[1] It bears noting that one of the motions by Ms. Chorny seeks withdrawal of a guilty plea entered by defendant as well as the recusal of the undersigned. DE 64. The Court has, of course, examined the recusal motion to ensure that it could properly opine on the substitution notice filed by Ms. Chorny. A preliminary examination of the motion reveals no basis to suggest recusal is warranted, as the grounds raised seem factually incorrect and legally irrelevant. For example, counsel suggests that the undersigned has certain ties to Suffolk County government that casts doubt on the Court's impartiality. That the posited connections are largely, if not entirely, erroneous need not even be reached, as the charged conduct occurred in and involved officials of Nassau County, rendering the issue meaningless. Thus, the Court remains able to render the instant decision, counsel for Mr. Lynch may refile the recusal/withdrawal of plea motion should they believe it appropriate, and the Court will consider it at that time.

of appearance reflecting that his office had been retained to represent Mr. Lynch. DE 5. Mr. Rosenberg, at times assisted by other counsel, represented Mr. Lynch to and through trial. Ms. Chorny first entered the case through the filing of a notice of appearance filed in late January 2023, in which she indicated the following:

> The defendant, RICKEY LYNCH has retained the Rosenberg Law Firm in the above-captioned matter. I am an associate with the firm, and am admitted to practice law before the Southern [*sic*] District of New York.[2] The undersigned attorney, Samantha Chorny, Esq., respectfully requests the Clerk to note her appearance in this case and add her as a filing user to whom Notices of Electronic Filing will be transmitted.

DE 31. This matter was scheduled for a trial in July 2023. Shortly before trial commenced, Howard Greenberg, Esq., who would appear as lead trial counsel, filed a notice of appearance advising that he would "preside at trial with [the] Rosenberg Law Firm. DE 59. A jury was selected, trial commenced and Mr. Lynch entered a guilty plea to a false statement count on July 12.

On July 31, 2023, Ms. Chorny, who apparently had now opened her own firm, without application to or approval of the Court, entered another notice of appearance, docketed as a "substitution of counsel," that curiously provides as follows:

> I am responsible for all matters regarding this case and [] all notices from the court related to this action will be directed to me.

DE 63. On September 19, 2023, Ms. Chorney filed a motion seeking withdrawal of the guilty plea and recusal of the undersigned, apparently without the involvement of Messrs. Rosenberg or Greenberg. DE 64 at 9. The record is devoid of any motion by Rosenberg or Greenberg to withdraw, or a motion for substitution of counsel.

---

[2] The reference to the Southern District is assumed to have been erroneous. Court records reflect that Ms. Chorny became a member of the bar of this Court in October 2022. As part of that admission process, she was required to certify that she had read and was familiar with the Local Rules of the Court. *See* Local Rule 1.3.

**Discussion**

Local Civil Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Criminal Rule 1.1 renders this provision fully applicable to criminal proceedings. *United States v. Ripley*, 2003 WL 21982964, at *3 (S.D.N.Y. Aug. 20, 2003) ("Local Civil Rule 1.4 applies in criminal proceedings."). In fact, the Rules provide:

> Attorneys representing defendants in criminal cases shall file a notice of appearance. Once a notice of appearance has been filed, the attorney may not withdraw except upon prior order of the Court pursuant to Local Civil Rule 1.4.

Local Criminal Rule 1.2.

Taken together, these rules "mandate[] that there shall be no withdrawal if counsel has appeared or any displacement of counsel that has appeared except upon compliance with Local Civil Rule 1.4 which is incorporated in the criminal rules for this purpose." *United States v. Yarmoluk*, 1997 WL 642564, at *4 (S.D.N.Y. 1997). Furthermore, generally speaking, "withdrawal of retained criminal counsel after a general notice of appearance has been entered is not viewed with favor by the courts." *United States v. Herbawi*, 913 F. Supp. 170, 171 (W.D.N.Y. 1996). Facing similar circumstances, one court noted:

> No such application for withdrawal or displacement was made or has been made by counsel of record for this defendant, and it is extraordinarily unlikely that any such application had it been made would have been granted given the fact that the case is fully ready for sentence and that no application at any time was made by existent counsel of record for withdrawal of the plea.

*Yarmoluk*, 1997 WL 642564, at *4. Similarly, in this case, which awaits sentencing, there has

3

been no application to withdraw by counsel of record or substitute counsel. Ms. Chorny's unilateral attempt to substitute herself and her new firm as counsel of record is, thus, without effect.

**Conclusion**

Based on the foregoing, the notice of appearance which purports to be a substitution of counsel, as well as the subsequent motion papers filed by Ms. Chorny are hereby WITHDRAWN, without prejudice to refiling if appropriate. Counsel of record for defendant shall meet with their client forthwith and file a status update concerning continued representation of the defendant within one week of the date of this opinion.

Dated: Central Islip, New York
September 20, 2023

/s/
GARY R. BROWN
United States District Judge