# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,             )

                                                        )      Case No: 2:21-cr-00405-GRB-1

              v.                                )

                                                        )

RICKEY LYNCH,                           )

               Defendant.                   )

-------------------------------------------------------------X

---

**DEFENDANT'S MOTION FOR RECUSAL OF JUDGE AND WITHDRWAL OF GUILTY PLEA PURSUANT TO TITLE 28 U.S.C. § 455(b)(1), TITLE  28 U.S.C. § 455(a), FEDERAL RULE OF CRIMINAL PROCEDURE 32(d) AND FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B)AND MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT THEREOF**

---

**SMC LAW FIRM PLLC**
Samantha Chorny, Esq.
433 Broadway, Suite 401
New York, New York 10013
Tel: (718) 970-1960
samanthachorny@smc.law
*Attorney for Defendant Rickey Lynch*


To the Honorable gary brown
United States District Judge
Eastern District of New York

To the United States Attorney's Office
Eastern District of New York

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................................... ii
INTRODUCTION ........................................................................................................................ 1
FACTUAL BACKGROUND ....................................................................................................... 2
ARGUMENT ................................................................................................................................ 4
CONCLUSION ........................................................................................................................... 13

.

## TABLE OF AUTHORITIES

**Federal Cases**

*Liteky v. United States, 510 U.S. 540, 555 (1994)*) ........................................................................... 4

*Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988*) ........................................... 4

*In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)*……………………..…4

**Federal Statutes.**

28 U.S.C. § 455(b)(1) ....................................................................................................1, 4, 5, 8, 9

28 U.S.C. § 455(a) ..........................................................................................................1, 4, 5, 8, 9

28 U.S.C. § 455(e)…………………………………………………………………………...5, 9

**Federal Rules**

Federal Rule of Criminal Procedure 11(d)(2)(B)........................................................... 1, 11, 12, 13

Federal Rule of Criminal Procedure 32(d)………………………………………………....…1, 13

**Other**

Sixth Amendment of the United States Constitution ................................................................... 11

Fifth Amendment to the United States Constitution ....................................................................11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,   )   **DEFENDANT RICKEY LYNCH'S**
                            )   **MOTION FOR JUDGE GARY**
                            )   **BROWN'S RECUSAL AND TO**
                            )   **WITHDRAW GUILTY PLEA**
       v.                   )
                            )
RICKEY LYNCH,               )
                            )
              Defendant.    )   Case No: 2:21-cr-00405-GRB-1
-------------------------------------------------------X

## INTRODUCTION

    I, Samantha Chorny, on behalf of the defendant Rickey Lynch ("Mr. Lynch"), respectfully move this Court for an order of recusal of the Honorable Judge Gary Brown pursuant to Title 28, Section 455(b)(1) and Section 455(a) of the United States Code. In the alternative, should the motion for recusal be denied, the Defendant moves to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).

    The basis for this motion arises from notable undisclosed biases and connections between Judge Brown and the Defendant, as well as the historical judicial involvement of Judge Brown in matters that mirror the instant proceedings. Judge Brown presided over a class action lawsuit involving Mr. Lynch against Suffolk County for an injury sustained in Riverhead Correctional Facility, a case that significantly overlapped the timeline and circumstances under scrutiny in the present matter. Furthermore, Judge Brown's tenure as an Assistant United States Attorney in the Eastern District, with extensive engagements on Environmental Protection Agency (EPA) related cases, further evinces a level of bias that has a direct bearing on the impartial adjudication of this case, particularly when the core of Mr. Lynch's plea involves accusations of fraudulent reporting to the EPA. These convoluted intersections of judicial, prosecutorial, and personal histories,

undisclosed to the Defendant until after his plea, present a compelling case for Judge Brown's recusal, or in the alternative, the withdrawal of the Defendant's guilty plea to preserve the overarching tenets of fairness and justice.

## FACTUAL AND PROCEDURAL BACKGROUND

1. **Origin of Proceedings:** The instant proceedings arise out of accusations leveled against the Defendant, Rickey Lynch, pertaining to the act of making false statements to a federal agent concerning a report filed with the Environmental Protection Agency (EPA). The alleged misconduct forms the basis of the federal criminal charges the Defendant is now navigating.

2. **Class Action Lawsuit:** Prior to the commencement of the current matter, Mr. Lynch was involved in a class action lawsuit against Suffolk County, stemming from an injury he sustained while incarcerated in Riverhead Correctional Facility. The class action started in 2011 and is still currently pending today[1]. Notably, the Honorable Judge Gary Brown presided over the class action lawsuit for nearly nine years before being reassigned on the very day the EPA initiated a federal criminal investigation into the Defendant's case.

3. **Judge Brown's Historical Engagements:** During the timeline of the class action suit, Judge Brown's involvement provided him with intimate knowledge of Mr. Lynch's medical, financial, criminal, and personal history. Moreover, Judge Brown, during his tenure as an Assistant United States Attorney in the Eastern District, developed extensive ties to the EPA by prosecuting numerous cases concerning EPA matters.

---

[1] Butler et al v. Suffolk County et al, No. 11-cv-02602 (E.D.N.Y. 2011).

4. In one distinct civil case, ***Flores v, Town of Islip***[2], Judge Brown had initiated a discussion on the very onset of the case, out of an abundance of caution, about a potential conflict arising from his previous engagements with MS-13 related prosecutions, which was somewhat analogous to the instant matter. He offered to recuse himself, but the parties waived any conflict.

5. **Entry of Guilty Plea:** On July 12, 2023, the Defendant entered a guilty plea pursuant to 18 USC Sections 1001(a)(2) and 3551, under the belief that it was in his best interest to do so at the time. The plea pertained to charges of lying to a federal agent after fraudulently filing a report to the EPA, a matter that resonates with Judge Brown's historic judicial pursuits against fraudulent report filings in environmental cases[3].

6. **Discovery of Judge Brown's Previous Engagements:** Subsequent to entering his guilty plea, on July 19, 2023, Mr. Lynch was apprised by his civil attorneys of Judge Brown's prior involvement in the class action lawsuit and the questionable circumstances surrounding Judge Brown's re-assignment to his criminal case, an overlap that, despite its significant bearing on the case at bar, had not been disclosed to the Defendant or his counsel.

7. **Absence of Disclosure:** Neither the government, nor Judge Brown, nor the Defendant's prior counsel brought to light any of these potentially prejudicial connections before the Defendant entered his plea, thus keeping Mr. Lynch in the dark about circumstances that could fundamentally affect his case's fair and impartial adjudication.

---

[2] 448 F. Supp. 3d 267 (E.D.N.Y. 2020)
[3] htps://www.schumer.senate.gov/newsroom/press-releases/schumer-recommends-long-islands-gary-r-brown-to-fill-islip-seat-on-united-states-district-court-for-eastern-district-of-new-york-most-notably-browns-ruling-as-a-magistrate-judge-exposed-fraudulent-prac ces-among-flood-insurance-companies-in-a ermath-of-sandy

3

# ARGUMENT

Under 28 U.S.C. § 455 (b)(1), a judge should recuse himself where he possesses a personal bias or prejudice concerning a party. The legislative intent behind this statute is clear: to preserve the integrity of the judicial system and ensure that trials are conducted impartially.

The U.S. Supreme Court in *Liteky v. United States*, 510 U.S. 540, 555 (1994), noted that recusal is required when "a deep-seated favoritism or antagonism that would make fair judgment impossible" is evident. Given Judge Brown's past interactions with the Defendant, his strong ties to Suffolk County, and his undeniable stance against false reporting, it becomes abundantly clear that there is, at the very least, an appearance of impropriety.

In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), the U.S. Supreme Court opined that public confidence in the judiciary's impartiality is as imperative as the absence of actual bias. The mere appearance of partiality, even if unintended, can undermine public trust.

Further, in *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), the Second Circuit observed that the decision to recuse lies within the judge's sound discretion, but this discretion comes with the caution to ensure public confidence in the judiciary's integrity.

The importance of preserving the sanctity of the judicial system and ensuring that every individual receives a fair trial cannot be overemphasized. The rights of a single individual, in this case, Mr. Lynch, echo the rights of all citizens. If the Defendant's case proceeds under the current conditions, it not only compromises his rights but sets a concerning precedent for future cases.

### I.     MOTION FOR RECUSAL

Defendant, Rickey Lynch, hereby moves for the recusal of Judge Gary Brown due to personal bias or prejudice concerning the defendant, and the judge's personal knowledge of

4

disputed evidentiary facts concerning the proceeding, pursuant to Title 28 U.S.C. § 455(b)(1) and Title 28 U.S.C. § 455(a).

1. **Statutory Framework for Recusal:**

- Title 28 U.S.C. § (b)(1) necessitates the disqualification of a judge who possesses personal knowledge of disputed evidentiary facts concerning the proceeding.

- Additionally, Title 28 U.S.C. § 455(a) requires a judge to disqualify himself in any proceeding where his impartiality might reasonably be questioned.

- According to Title 28 U.S.C. § 455(e), a conflict under subsection (b) is unwaivable, whereas a conflict under subsection (a) may be waivable given a full disclosure on the record of the basis for disqualification.

2. **Failure of Disclosure:**

- In this case, no disclosure was ever made by Judge Brown regarding his prior engagements and existing biases, contrary to the requisite stipulated in Title 28 U.S.C. § 455(e), thus undermining the integrity of the judicial process and compromising the defendant's right to a fair trial.

3. **History with Class Action Lawsuit:**

- The correlation between Judge Brown's prior involvement in the class action lawsuit and the evidentiary facts central to the current criminal proceedings presents an alarming scenario that unequivocally calls for his disqualification under Title 28 U.S.C. § 455(b)(1). This statute mandates a judge to disqualify himself in any proceeding where he possesses personal knowledge of disputed evidentiary facts concerning the proceeding. The cross-over of key facts, circumstances, and the probable predispositions engendered from the prior litigation manifestly enshrines the essence of this statutory provision.

**Extent of Judge Brown's Involvement in the Class Action Suit:**

- Judge Brown presided over the class action lawsuit where Mr. Lynch was a principal party, suing Suffolk County for injuries sustained during his incarceration at Riverhead Correctional Facility. During the prolonged span of this lawsuit from 2011 to January 2020, Judge Brown was intricately involved in various stages of the litigation, which provided him with in-depth knowledge of Mr. Lynch's personal, financial, medical, and criminal history. A salient facet of this lawsuit was the substantial claim for damages, amounting to over $480 million, which encapsulates the gravity, and the vested interests Mr. Lynch holds in the subject matter overlapping with the current proceedings.

**Overlap of Evidentiary Facts:**

- The underpinnings of the class action lawsuit are intertwined with the evidentiary facts of the current criminal proceeding in a manner that casts a long shadow of doubt over Judge Brown's capacity to adjudicate without the influence of prior predispositions. The EPA's investigation into the allegations against Mr. Lynch bears a striking resemblance to the foundational claims of environmental neglect and misconduct prosecuted by the Honorable Judge Brown. The nexus between the two cases doesn't merely stop at thematic resemblance but delves into factual commonalities, setting a fertile ground for prejudicial biases.

**Implications of Undisclosed Overlaps:**

- The absence of disclosure concerning these significant overlaps by Judge Brown, despite the blatant and critical nature of such overlapping facts, veers into a territory that threatens the quintessence of impartial adjudication. The undisclosed overlaps directly impinge upon the factual matrix upon which Mr. Lynch's guilty plea was predicated,

6

consequently casting a pall over the fairness and integrity of the plea and sentencing proceedings.

### Undue Influence on Adjudicative Impartiality:

- The amount of knowledge Judge Brown possesses concerning Mr. Lynch from the prior lawsuit, coupled with the lack of disclosure of such vital information, accentuates the risks of undue influence over the adjudicative process in the current criminal proceeding. The defendant's claim for a colossal sum in damages in the civil suit is indicative of the severe ramifications the outcomes of these intertwined proceedings hold for Mr. Lynch, and by extension, accentuates the necessity for an impartial adjudicative forum.

### The Stakes for Mr. Lynch:

- Given the magnitude of the claims in the civil suit, and the consequential impact it holds over the criminal proceeding, ensuring a dispassionate and unbiased adjudication is not merely a statutory requisite but a constitutional imperative. It's evident that the quantum of knowledge Judge Brown carries, the undisclosed overlaps, and the potential for bias pose an untenable threat to the fundamental principles of justice.

4. **Judicial Bias Stemming from Prior Roles:**

- The pivotal tenets of an impartial judiciary necessitate an exploration into any significant affiliations or interactions a presiding judge may have had with pertinent entities or subject matters at the core of the cases before them. This motion earnestly brings forth the concerning, extensive history of Judge Gary Brown with the Environmental Protection Agency (EPA) and illuminates the potential clouding of impartiality that such a history potentially harbors, pursuant to Title 28 U.S.C. § 455(a). This statutory provision mandates a judge's disqualification in any proceeding wherein his impartiality

7

might reasonably be questioned. The following sections meticulously unravel the intertwined history between Judge Brown and the EPA, painting a picture of potential bias that warrants serious consideration:

### Historical Engagements:

- As an Assistant United States Attorney (AUSA) in the Eastern District, Judge Brown engaged in prosecuting numerous cases relating to the EPA, making him a notable figure in enforcing environmental regulations and compliance. His role as an AUSA inherently vested him with a duty to uphold and enforce EPA regulations, a background that could unduly influence his perception and judgment in the current proceeding against Mr. Lynch.

### Past Precedents of Recusal:

- In the matter of *Flores v. Town of Islip*, as disclosed, Judge Brown exhibited a recognition of potential bias by offering to recuse himself due to an attenuated, potential conflict concerning his previous engagements with the MS-13 gang prosecutions. This acknowledgment of potential bias underlines the necessity for similar considerations in the current proceeding, given the pronounced interactions with the EPA.

### Landmark Judgments:

- Judge Brown's historic order, compelling flood insurance companies to release engineering reports amidst allegations of falsified reports to evade compensating homeowners, showcased his staunch stance against fraudulent reporting to federal agencies. The parallel between this and Mr. Lynch's plea concerning fraudulent reporting to the EPA is glaring and heightens the likelihood of bias, consciously or subconsciously.

8

**Potential Perceptual Bias:**

- The seminal venture of Judge Brown in reforming the National Flood Insurance Program through strict adherence to truthfulness in reporting, juxtaposed against Mr. Lynch's plea of lying to a federal agent post-fraudulent EPA reporting, crafts a scenario ripe for prejudgment and potential bias.

**Lack of Disclosure:**

- The absence of any disclosure by Judge Brown regarding these extensive ties and past engagements with the EPA, coupled with his historical stance against fraudulent reporting to federal entities, places the impartiality of Judge Brown in a precarious position. This non-disclosure starkly contrasts with the obligatory full disclosure necessitated by Title 28 U.S.C. § 455(e), further accentuating the call for recusal.

5. **Suspicious Re-assignment:**

The synchrony between the re-assignment of Judge Brown and the commencement of the Environmental Protection Agency's (EPA) investigation against Mr. Lynch is indeed an uncanny coincidence that raises substantial concerns regarding the impartiality and the knowledge base of Judge Brown concerning disputed evidentiary facts pertaining to the current proceeding. This segment of the motion delineates the series of events and the consequential apprehensions they birth, casting a notable shadow over the requisite impartial demeanor of the adjudicative process.

**Temporal Alignment of Re-assignment and Investigation Commencement:**

- The exact concurrence of Judge Brown's re-assignment from the class action lawsuit to the criminal case against Mr. Lynch with the initiation of the EPA's investigation is a significant cause for concern. This temporal alignment heightens the suspicion of pre-

9

conceived bias or undue influence that could potentially mar the fairness and objectivity of the judicial process in the instant case.

**Potential Knowledge Transfer:**

- The unusual re-assignment presents a plausible channel through which a substantive amount of personal knowledge regarding Mr. Lynch's past interactions with regulatory and judicial authorities could have been transferred into the current proceeding. This knowledge, predominantly emanating from the class action lawsuit, comprises disputed evidentiary facts that are integral to a fair adjudication of the current case. The timing of the re-assignment makes the risk of such knowledge transfer not just speculative but materially probable.

**Implications on Impartiality:**

- The impartiality of a judicial officer is a cornerstone of a just legal process. The unusual re-assignment scenario fosters a legitimate fear that Judge Brown's impartiality might have been compromised, either consciously or subconsciously. This is especially concerning given the contentious nature of environmental regulatory compliance and reporting, which forms the crux of both the EPA's investigation and the class action lawsuit.

**Prejudicial Preconceptions:**

- The potential for prejudicial preconceptions stemming from Judge Brown's prior involvement in related litigation cannot be overstated. The experiences and judgments formed during the course of the class action lawsuit could ostensibly bear negatively on

10

Mr. Lynch's case, especially when the evidentiary facts are disputed and closely intertwined with the current allegations.

**Impact on Due Process:**

- The unusual circumstances surrounding Judge Brown's re-assignment significantly threaten Mr. Lynch's right to a fair trial and due process. The non-disclosure of such a pivotal re-assignment and its potential implications on the current proceeding fails to meet the threshold of transparency and fairness indispensable in a criminal justice process. The continuation of Judge Brown as the presiding judge in this matter would violate the defendant's rights under the Fifth and Sixth Amendments to the United States Constitution.

**II. MOTION TO WITHDRAW GUILTY PLEA (Contingent upon Denial of Recusal)**

Defendant, Rickey Lynch, has demonstrated through the previously presented arguments that there exists substantial reason for concern regarding Judge Gary Brown's ability to maintain impartiality in this proceeding. These disclosed biases and undisclosed connections between Judge Brown and Mr. Lynch constitute a "fair and just reason" for the withdrawal of the guilty plea, per Federal Rule of Criminal Procedure 11(d)(2)(B).

1. **Undisclosed Biases and Connections:**

The undisclosed connections between Judge Brown and the Defendant, as well as the potential biases arising from those connections, constitute critical information which Mr. Lynch was entitled to be made aware of before making significant legal decisions in his case. The undisclosed biases could significantly impact the impartiality of the judicial process, thereby directly affecting the fairness and justness of Mr. Lynch's plea decision.

11

Specifically, Mr. Lynch was unaware of Judge Brown's prior involvement in the Rickey Lynch class act lawsuit and his extensive ties to EPA-related cases until after he entered his guilty plea. This newfound information sheds new light on the circumstances surrounding Mr. Lynch's plea, and raises legitimate concerns about whether the plea was made in a just and fair setting. This situation, created by the undisclosed connections, highlights a compelling basis for reconsideration and withdrawal of the guilty plea.

2. **Impact on Guilty Plea Decision:**

The lack of knowledge regarding these critical aspects significantly influenced Mr. Lynch's decision to enter a guilty plea. Had Mr. Lynch been made aware of Judge Brown's potential biases and the depth of his connections to EPA-related matters and the class action lawsuit, it is likely that he may have pursued a different course of action, or sought a different judicial setting for his plea.

The after-the-fact revelation of Judge Brown's history and connections casts a long shadow on the fairness and justness of the plea process. It suggests that Mr. Lynch's plea was made in a setting where the impartiality of the presiding judge could reasonably be questioned, contrary to the spirit of fair justice and the governing rules of criminal procedure.

The standards set forth in Federal Rule of Criminal Procedure 11(d)(2)(B) provide for the withdrawal of a guilty plea under circumstances where a fair and just reason is demonstrated. The circumstances of this case, including the belated disclosure of critical information regarding Judge Brown's potential biases, squarely present such a "fair and just reason" necessitating the withdrawal of Mr. Lynch's guilty plea to ensure the integrity and fairness of the criminal justice process.

Defendant submits that the aforementioned biases and undisclosed connections materially affected his decision to plead guilty, and now seeks the withdrawal of his guilty plea to preserve the principles of fairness and justice, contingent upon the denial of recusal.

This expanded explanation attempts to draw a clear line between the undisclosed biases and connections of Judge Brown, the Defendant's subsequent lack of knowledge about these potential conflicts, and the impact on Mr. Lynch's decision to plead guilty. This framework seeks to substantiate the claim for withdrawal of the guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B) by establishing a "fair and just reason" stemming from the belated disclosure of critical information.

## CONCLUSION

Defendant respectfully requests that this Court grant the motion for recusal of Judge Gary Brown. Should the motion for recusal be denied, Defendant seeks permission to withdraw the guilty plea pursuant to Federal Rule of Criminal Procedure 32(d) and Federal Rule of Criminal Procedure 11(d)(2)(B).

DATED:	September 28, 2023

        SMC Law Firm PLLC

        */s/ Samantha Chorny*
        Samantha Ch/orny, Esq.
        433 Broadway, Suite 401
        New York, New York 10013
        Tel: (718) 970-1960
        samanthachorny@smc.law

        *Attorney for Defendant*
        *Rickey Lynch*

TO:

TO THE HONORABLE GARY BROWN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

TO THE UNITED STATES ATTORNEY'S OFFICE
EASTERN DISTRICT OF NEW YORK